UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>v.<br><br>MOHAMED AHMED HASSAN,<br><br>                      Defendant. | Case No.: 23cr208-CAB<br><br>**ORDER ON REQUEST FOR REDUCTION OF SENTENCE [DOC. NO. 47]** |

Before the Court is a motion [Doc. No. 47] by defendant Mohamed Ahmed Hassan for reduction of his sentence based on the retroactive amendment to the United States Sentencing Guidelines that went into effect on November 1, 2023, eliminating or reducing additional criminal history points ("status points") for defendants who committed the instant offense while under any criminal justice sentence. [USSG § 4A1.1(e).]

The defendant was sentenced on January 12, 2024, on four counts of bank robbery in violation of 18 U.S.C. § 2113(a). [Doc. No. 40.]

In calculating the defendant's guidelines at sentencing, the defendant's base offense level was 20. [Id.] The defendant received multiple upward adjustments for financial institution, threat of death and multiple counts resulting in a total offense level of 28. [Doc. Nos. 36, 37.]

The defendant's Criminal History Score was 7, however the defendant committed the instant offense while under a criminal justice sentence. The Court applied the 2023 guideline amendment regarding status points. At sentencing the defendant received 1 status point in accordance with USSG § 4A1.1(e), for a Criminal History Score of 8, and a Criminal History Category IV. [Doc. Nos. 36, 37.] The defendant's guideline range was 110 to 137 months. After considering the 3553(a) factors, the Court sentenced the defendant to a below guideline sentence of 96 months per count to run concurrently and three years of supervised release per count to run concurrently. [Doc. No. 40.]

The amendment to the sentencing guidelines, reducing status points added to a defendant's Criminal History Score, was applied in this case, making the defendant's motion moot. Moreover, the adjustment had no impact on the defendant's guideline calculation. Whether the defendant received no additional status points, one point under the amended guidelines or two points under the old guidelines, his Criminal History Category would be unchanged. A Criminal History Score from 7 to 9 points is a Criminal History Category IV. His guideline range based on any of those Criminal History Scores was 110 to 137 months.

Consequently, the defendant is not eligible for a sentence reduction based on the amendment to the Guidelines. [USSG § 1B.1.10(a)(2)(B) (Exclusions: amendment does not have the effect of lowering the defendant's applicable guideline range.]

The motion to reduce the defendant's sentence based on the retroactive amendment for the elimination or reduction of status points in the calculation of the Criminal History Score is therefore DENIED.

**IT IS SO ORDERED.**

Date: November 7, 2024

_____
Hon. Cathy Ann Bencivengo
United States District Judge